UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**CONSOL ENERGY INC.,**

    Plaintiff,

v.                              Civil Action No. 2:23-CV-00481

**JAMES H. BOOTH,**

    Defendant.

MEMORANDUM OPINION AND ORDER

    Pending is plaintiff CONSOL Energy Inc.'s Motion for Summary Judgment, filed on May 1, 2024. See ECF Nos. 10 (motion); 11 (memorandum in support) (hereinafter, the "Motion"). Defendant James H. Booth has appeared and filed an answer in this matter, but he has failed to respond to plaintiff's Motion.

I. Factual Background

    Plaintiff CONSOL Energy Inc. (hereinafter, "plaintiff" or "CONSOL") is a Delaware corporation with its principal place of business in Pennsylvania. See Verified Complaint ¶ 1, ECF No. 1 (hereinafter, "Compl."). Defendant James H. Booth (hereinafter, "defendant" or "Booth") is an individual who is a resident of the Commonwealth of Kentucky. See Answer and

Affirmative Defenses of Defendant James H. Booth to Verified Complaint ¶ 2, ECF No. 4 (hereinafter, "Answer").

For several years preceding this matter, plaintiff had been involved in protracted litigation with "multiple coal lessors and Southeastern Land LLC ("SEL"), a limited liability company owned by" defendant, in both state and federal court (collectively, the "Mingo County Litigation"). Compl. ¶ 5; Answer ¶ 5 (admitting the allegations contained in Compl. ¶ 5); see Cotiga Dev. Co., Ltd. P'ship, et al. v. CONSOL Energy, Inc., et al., CC-30-2019-C-4 (Cir. Court of Mingo Cty., W. Va.) (filed Jan. 30, 2019); Cotiga Dev. Co., Ltd. P'ship, et al. v. Southeastern Land LLC, et al., CC-30-2020-C-58 (Cir. Court of Mingo Cty., W. Va.) (filed May 1, 2020); Wahoowa, Inc., et al. v. CONSOL of Kentucky, Inc., et al., Civil Action No. 2:17-cv-04422 (S.D.W. Va., filed Nov. 29, 2017); Nighbert Land Co. v. Consol of Kentucky, LLC, et al., Civil action No. 2:19-cv-00435 (S.D.W. Va., filed June 6, 2019); Summit Cmty. Bank, Inc. et al. v. Southeastern Land, LLC, et al., Civil Action No. 2:19-cv-00794 (S.D.W. Va., filed Nov. 19, 2019); Wahoowa, Inc., et al. v. Consol of Kentucky, LLC, et al., Civil Action No. 3:19-cv-00717 (S.D.W. Va., filed Oct. 3, 2019).

That litigation "[led] to the promissory note at issue" in this matter (the "Promissory Note"). Compl. ¶ 5 n.1; Answer ¶ 5 (admitting the allegations contained in Compl. ¶ 5). "As part of, and in consideration for, the settlement of the Mingo County Litigation, Booth executed [the] Promissory Note for the benefit of [CONSOL] in the amount of $5,000,000.00." Compl. ¶ 7; Answer ¶ 7 (admitting the allegations contained in Compl. ¶ 7); see Promissory Note, ECF No. 1-3 (hereinafter, "Promissory Note").

The Promissory Note, dated June 1, 2021, establishes that defendant, on behalf of himself, "promises to pay" plaintiff "the original principal amount of [$5,000,000.00], together with interest on the unpaid outstanding principal balance at the per annum Interest Rate set forth above, or in the Event of Default, at the Default Interest Rate set forth below." Promissory Note 1. The "Interest Rate" is 0.13% per annum, and the Default Interest Rate is 6.00% per annum. Id. An "Event of Default" is defined as a "fail[ure] to make any payment when due under th[e] Promissory Note." Id.

The Promissory Note further establishes that payment of the "entire outstanding balance of principal and interest" was due on June 1, 2023, such that Booth was on that date

obligated to pay $5,013,008.45,[1] less any payments already made. Id.

Defendant, "to the extent allowed by law, "waive[d] presentment, demand, notice of dishonor, notice of protest, extension of time without notice, and all other notices or demands in connection with the delivery, acceptance, or performance of" the Promissory Note, and, in the Event of Default, "agree[d] to pay reasonable attorneys' fees, all court and other costs, and the reasonable costs of any other enforcement and collection efforts." Id. at 1-2.

"Booth failed to pay the amount of $5,013,008.45 due under the Promissory Note by June 1, 2023, which remains fully due and owing at this time." Compl. ¶ 15; Answer ¶ 15 (admitting in full the allegations of Compl. ¶ 15).

## II. Procedural History

On July 11, 2023, plaintiff filed this action, alleging one count of breach of contract for defendant's failure to pay the amount owed under the Promissory Note and seeking

---

[1] For the two years and one day that elapsed from June 1, 2021, through June 1, 2023, the court calculates that the accrued amount of principal and interest is $5,013,017.81 but will adopt the figure of $5,013,008.45 as it appears throughout the filings in this case.

"judgment against [defendant] in the amount of $5,013,008.45 plus interest at the rate of 6% per annum from June 1, 2023, together with the amount of all costs and legal fees incurred by [CONSOL] in enforcing and collecting on the Promissory Note." Compl., ¶ 18 (Prayer for Relief).

Defendant filed an answer on October 10, 2023. See Answer. Therein, defendant admitted to the substantive allegations of the complaint – that he executed the Promissory Note for the benefit of plaintiff, that the Promissory Note attached to the complaint is indeed the document he executed, and that he has failed to make any payments pursuant to the Promissory Note. See Answer ¶ 7, 8, 14, 15. Defendant levied three affirmative defenses: first, that the complaint failed to state a claim upon which relief could be granted; second, that the causes of action asserted by the complaint are barred, "in whole or in part, by one or more of the affirmative defenses and defenses set forth in [Federal Rules of Civil Procedure 8(c) and 12(b)"; and, third, that plaintiff's claims are "barred, in whole or in part, by its failure to mitigate damages, if any." Answer, at 4. Defendant has not, however, filed any motions regarding such defenses.

The parties thereafter jointly filed a Rule 26(f) Report of Planning Meeting, ECF No. 6 (filed Nov. 20, 2023), and the court subsequently entered a scheduling order, see ECF No. 7 (filed Nov. 29, 2023). The scheduling order establishes that discovery closed on June 3, 2024, and that dispositive motions are due on June 24, 2024. Id. The parties exchanged Rule 26(a)(1) Initial Discovery Disclosures in mid-December 2023. See ECF Nos. 8, 9.

On May 1, 2024, plaintiff filed the pending Motion for Summary Judgment. See Motion. For over a month, defendant has failed to file a response, and defendant has not filed a dispositive motion by the June 24, 2024, deadline.

### III. Legal Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable factfinder could return a verdict for the non-movant. Id. The moving party has the burden of showing - "that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

A motion for summary judgment cannot be granted by default due to a nonmovant's failure to respond. See Fed. R. Civ. P. 56(e); see Heinemann v. Satterberg, 731 F.3d 914, 917 (9th Cir. 2013) ("Moreover, the Advisory Committee Notes regarding the 2010 revision explain that [the 2010] amendments prohibit the grant of summary judgment 'by default even if there is a complete failure to respond to the motion.'") (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010). When a party

7

fails to "address another party's assertion of fact as required by 56(c), the court may:

    (1) give an opportunity to properly support or address the fact;

    (2) consider the fact undisputed for purposes of the motion;

    (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

    (4) issue any other appropriate order."

Id.

A party's claim that a fact "cannot be or is genuinely disputed" may be supported by "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

## IV. Discussion

### a. Liability

As an initial matter, because this matter invokes the court's diversity jurisdiction, the court's "role is to apply

8

the governing state law, or, if necessary, predict how the state's highest court would rule on an unsettled issue." Horace Mann Ins. Co. v. Gen. Star Nat. Ins. Co., 514 F.3d 327, 329 (4th Cir. 2008).

In West Virginia, "[t]he elements of a contract are an offer and an acceptance supported by consideration." Dan Ryan Builders, Inc. v. Nelson, 737 S.E.2d 550, 556 (W. Va. 2012) (citing Syl. Pt. 1, First Nat. Bank of Gallipolis v. Marietta Mfg. Co., 153 S.E.2d 172 (W. Va. 1967)). "A written contract merges all negotiations and representations which occurred before its execution, and in the absence of fraud, mistake, or material misrepresentations extrinsic evidence cannot be used to alter or interpret language in a written contract which is otherwise plain and unambiguous on its face." Syl. Pt. 1, Warner v. Haught, Inc., 329 S.E.2d 88 (W. Va. 1985).

Here, the Promissory Note is a valid contract enforceable against defendant. The allegations of plaintiff's complaint, admitted by defendant and evidenced by the Promissory Note, make clear that there is no genuine issue of material fact that plaintiff and defendant entered into an agreement "as part of, and in consideration for, the settlement" of the Mingo County Litigation. Compl. ¶ 7; Answer ¶ 7 (admitting the

allegations contained in Compl. ¶ 7). Defendant admits that the Promissory Note attached to the complaint is the document that he executed. Answer ¶ 8.

The language of the Promissory Note is "plain and unambiguous on its face": it required that defendant pay plaintiff a debt of $5,000,000.00 plus applicable interest by June 1, 2023, and it establishes that failure to do so constitutes default, triggering a greater interest rate. Warner, 329 S.E.2d at Syl. Pt. 1; see Promissory Note. Defendant has not alleged otherwise or offered any contradicting evidence. Indeed, defendant has admitted that he has "fail[ed] to pay the amount of $5,013,008.45 due under the Promissory Note, by June 1, 2023, which amount remains fully due and owing," admitting to both the validity of the contract, the amount due thereunder, and his default thereof. Compl. ¶ 15; Answer ¶ 15 (admitting the allegations contained in Compl. ¶ 15).

Accordingly, there is no genuine issue of material fact in this matter, and, under Rule 56(e)(3), plaintiff is entitled to judgment as a matter of law for the amount due under the Promissory Note and "reasonable attorneys' fees, all court and other costs, and the reasonable costs of any other

enforcement and collection efforts." Promissory Note 2; see Fed. R. Civ. P. 56(e)(3).

### b.  Amount Owed

The undisputed facts of this matter make clear that defendant owes plaintiff money pursuant to the Promissory Note. The court must also determine how much.

In the complaint, plaintiff seeks "judgment against James H. Booth in the amount of $5,013,008.45 plus interest at the rate of 6% per annum from June 1, 2023, together with the amount of all costs and legal fees incurred by [plaintiff] in enforcing and collecting on the Promissory Note." Compl. ¶ 18 (Prayer for Relief).

In West Virginia, a contract containing "unambiguous language must be construed according to their plain and natural meaning." Fraternal Ord. of Police, Lodge No. 69 v. City of Fairmont, 468 S.E.2d 712, 716 (W. Va. 1996). The court finds that plaintiff's request for judgment as set forth above is in keeping with the terms of the promissory note and awards judgment in favor of plaintiff in the amount of $5,013,008.45 together with interest at the rate of 6% per annum thereon from June 2, 2023, through June 24, 2024, in the amount of $319,733.80, aggregating to $5,332,742.25, together with post-

judgment interest thereon at the rate of 8% per annum until paid and plaintiff's reasonable attorney's fees and costs as described below.

## V.    Conclusion

In light of the foregoing, the court ORDERS that plaintiff's Motion for Summary Judgment be, and hereby is, GRANTED, and Judgment in favor of plaintiff and against defendant shall be entered in the amount of $5,332,742.25, together with interest thereon at the rate of 8.00% per year from this date until paid in accordance with W. Va. Code § 56-6-31(c), and together further with reasonable attorneys' fees, all court and other costs, and the reasonable costs of any other enforcement and collection efforts.

Additionally, the court ORDERS that plaintiff file on or before July 15, 2024, a petition for reasonable attorneys' fees, all court and other costs, and the reasonable costs of any other enforcement and collection efforts, see Promissory Note at 2, which petition shall contain an itemization supporting all such fees and costs, and defendant may file a response thereto on or before July 25, 2024, to which plaintiff shall reply on or before August 1, 2024.

The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties.

ENTER: June 24, 2024

John T. Copenhaver, Jr.
Senior United States District Judge